MARY BARNETT, ET AL., v. WM. G. McGUIRE.

**New Trial—Newly Discovered Evidence.**

A motion for a new trial on account of newly discovered evidence should be denied where due diligence was not shown to discover such evidence before the trial.

APPEAL FROM WOLFE CIRCUIT COURT.

October 25, 1877.

OPINION BY JUDGE COFER:

It is doubtful whether the facts stated in the appellee's petition were sufficient to entitle him to a new trial. But we think it is quite clear that he has wholly failed to make out his case by proof.

He shows that the wife of Robert Wickliffe and the wife of John D. Spencer are dead, but he does not show or attempt to show that the fact that they were dead was newly discovered, or that he made any inquiry in respect to the matter before the former trial.

He neither alleged nor proved that he did not know before that trial where Wickliffe and Spencer resided, or that he made the slightest effort to learn; and the record shows not only that he did know where Spencer lived, but that Spencer was examined as a witness before the first trial, and strongly conduces to prove that the appellee knew his wife was dead. But whether he did or not know that Mrs. Spencer was dead, it is plain that he could have known it by even slight diligence, and the conclusion is fair that he could by reasonable diligence have known that Mrs. Wickliffe also was dead.

He attempted to excuse his lack of preparation before the first trial by alleging that he was afflicted, and in consequence unable to attend to it. That was denied and no evidence was offered to support it.

To allow a new trial upon such a state of fact is to encourage negligence in suitors, and this is against public policy, and would render the judgment of courts of little value and litigation almost interminable and enormously expensive.

The judgment granting a new trial, and the subsequent judgment enforcing the contract between the appellee and Bowman and directing a sale of the land, are *reversed*, and the cause is remanded with directions to dismiss the petition for a new trial, and to proceed in conformity to the former opinion of this court.

*Wm. L. Hurst, for appellants. T. H. Cardwell, for appellee.*